# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**AARON AIRPORT TRANSPORTATION,
INC., BEST VALUE TAXI, INC.,**

        **Plaintiffs,**

-vs-　　　　　　　　　　　　　　　　　　　　　　Case No.  2:07-cv-83-FtM-99DNF

**LEE COUNTY PORT AUTHORITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:** **MOTION TO RECOVER COSTS AND ATTORNEY'S FEES (Doc. No. 93)**
>
> **FILED:** March 27, 2009
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Defendant, Lee County Port Authority ("Port Authority") is requesting that the Court award attorney's fees and costs to it as the prevailing party in this case pursuant to 42 U.S.C. §1988. This matter was referred to this Court by Order (Doc. 96). The Port Authority is requesting $5,559.62 in costs and $33,000.00 in attorney's fees. The Plaintiffs, Aaron Airport Transportation, Inc., and Best Value Taxi, Inc. object to the award of attorney's fees and to the amount of costs.

**I. Background**

On February 14, 2007, the Defendant removed this action from state court. The Plaintiffs asserted that for many years they had a contract with the Port Authority to provide transportation services to passengers arriving or departing from the Southwest International Airport. The Defendant refused to renew the Plaintiffs monthly demand service permits, and thereafter the Plaintiffs' transportation services at the airport were terminated. In the Complaint (Doc. 2), the Plaintiffs alleged claims for breach of contract (Counts One and Two), Breach of Contract Implied in Fact (Counts Three and Four), and Violation of Right of Due Process (Counts Five and Six). On March 1, 2007, the Defendant filed a Motion to Dismiss (Doc. 9), and a Motion for Summary (Doc. 39) on December 10, 2007. On December 1, 2008, the Honorable John Antoon II, United States District Judge entered an Order (Doc. 78) dismissing Counts III, IV, V, and VI. On January 14, 2009, the Honorable Paul A. Magnuson, United States District Judge entered an Order (Doc. 83) declining to exercise supplemental jurisdiction over the state law claims raised in Counts I and II, and dismissed the action. On March 26, 2009, the Port Authority filed a Bill of Costs (Doc. 92), and on March 27, 2009, the Clerk entered a Bill of Costs (Doc. 92) in the amount of $2,352.80 to be taxed against the Plaintiffs.

**II. Analysis as to Attorney's Fees**

Pursuant to 42 U.S.C. §1988, a court has discretion to award reasonable attorney's fees to a prevailing party in a §1983 action. *Johnson v. McNeil*. 278 Fed. Appx. 866, 872 (11th Cir. 2008). However, "[a] prevailing defendant may receive an attorney's fees award only if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2 (1983)). The standard for awarding attorney's fees is stringent. *Barthlow v. Jett*, 2008 WL 3889608, * 5 (M.D. Fla. Aug. 20, 2008) (citing

*Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). Some factors to consider in determining whether a case is frivolous are "'(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" *Persaud v. Orange County School Board*, 255 Fed. Appx. 477, 478 (11th Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) and (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). The determination of whether a case is frivolous must be made on a case-by-case basis. *Id*. If a claim has been given careful attention and review then the claim should not be considered groundless. *Barthlow v. Jett*, 2008 WL 3889608, *4 (M.D. Fla. Aug. 20, 2008). Courts have been reluctant to award attorney's fees "'unless the plaintiff [ ] refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Id*. (citing *Boler v. Space Gateway Support Co.,*, 290 F.Supp.2d 1272, 1280 (M.D. Fla. 2003)). Courts should resist the urge "'to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Id*. (quoting *Christiansburg*, 434 U.S. at 421, 22).

The Court recognizes that the standard to award fees to a prevailing defendant is stringent, and the case must be frivolous, unreasonable, or without foundation. The Court considered the three factors mentioned above in determining if this case is frivolous. The Plaintiffs established a *prima facie* case as to Counts One and Two since Judge Antoon found the Plaintiffs allegations sufficient to survive a Motion to Dismiss. Judge Antoon found Counts Three and Four to be barred by sovereign immunity, and that the Plaintiffs failed to allege that the Defendant had a duty to renew the contract and therefore, there was no property right nor a due process claim in Counts Five and Six. Although there is no evidence of an offer to settle, the case was dismissed prior to a trial. However, Judge Antoon

considered the facts of the case as well as the case law presented to reach a decision. He did not indicate in his Order that the case was frivolous, unreasonable or without foundation. Therefore, the Court respectfully recommends that the Motion to Recover Attorney's Fees be denied.

### III. Analysis as to Costs

The Defendant is requesting that the Court tax costs under 28 U.S.C. §1920. The Defendant is requesting $5,559.62 in costs. The Court notes that the Defendant filed a Bill of Costs (Doc. 91) requesting that the Clerk tax costs in the amount of $2,352.80 which the Clerk did on March 27, 2009. (See, Doc. 92). The Defendant failed to attach any documentation to the Motion to Recover Costs and failed to list the costs that would total $5,559.62. Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920. *Id*. The Court has discretion to tax costs enumerated in §1920, however, it is prohibited from taxing costs that are not enumerated in that statute. *Id*. at 441-442.

Section 1920 provides the following list of taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

The costs for the fees of the Clerk, Fees for Service of Summons and Subpoena, and Fees for Transcripts were taxed on March 27, 2009, and no objection was made to them. The Court finds no

support for the taxation of additional costs, and therefore, respectfully recommends that the Motion to Recover Costs be denied, and that the request pursuant to 28 U.S.C. §1927 to apportion the fees and costs be denied as moot.

**IV. Conclusion**

The Court respectfully recommends that the Motion to Recover Costs and Attorney's Fees be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __30th__ day of June, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record